UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,   :
                                                            :
                              Plaintiff,                    :
                                                            :
                  - against -                               :          06 Civ. 7736 (GEL)
                                                            :          ECF CASE
JAMES N. STANARD,                                           :
MARTIN J. MERRITT, and                                      :
MICHAEL W. CASH,                                            :
                                                            :
                                                            :
                              Defendants.                   :
------------------------------------------------------------- x

## ANSWER OF DEFENDANT MICHAEL W. CASH TO FIRST AMENDED COMPLAINT

Defendant Michael W. Cash, by his attorneys Schulte Roth and Zabel LLP, hereby submits this answer to the First Amended Complaint filed by the Securities and Exchange Commission and dated January 29, 2007 (the "First Amended Complaint").

As and for his answer to the specific allegations of the First Amended Complaint, Mr. Cash states and alleges as follows:

1.      Mr. Cash denies the allegations set forth in paragraph 1 of the First Amended Complaint insofar as they pertain to him, except admits that RenaissanceRe Holdings Ltd. ("RenRe") is a holding company that provides property catastrophe reinsurance through its subsidiaries and that during part of his employment at RenRe's wholly-owned subsidiary, Renaissance Reinsurance Ltd. ("Renaissance"), Mr. Cash was the senior vice president of specialty reinsurance.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Defendants Stanard and Merritt (the "Other Defendants"), except admits that Mr. Stanard is RenRe's former chief executive officer and that Mr. Merritt is RenRe's former senior vice president of finance and controller.

2.    Mr. Cash admits that the transaction at issue (the "Inter-Ocean Transaction") involved two separate but related contracts and that Renaissance assigned up to $50 million of certain assets (such assets were $55,867,500 of potential recoverables due to Renaissance under certain industry loss warranty contracts) to Inter-Ocean Reinsurance Company, Ltd. ("Inter-Ocean") in exchange for $30 million in cash.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegation that Renaissance recorded income of $30 million upon executing the assignment agreement, and denies each and every remaining allegation set forth in paragraph 2 of the First Amended Complaint.

3.    Mr. Cash admits that the reinsurance agreement covered losses in excess of certain specified amounts conditioned upon the occurrence of a particular kind of loss event and that Renaissance paid Inter-Ocean a $7.3 million premium for the reinsurance coverage, and avers that the $7.3 million premium was to be paid annually.  Mr. Cash denies each and every remaining allegation set forth in paragraph 3 of the First Amended Complaint.

4.    Mr. Cash denies the allegations set forth in paragraph 4 of the First Amended Complaint.

5.    Mr. Cash denies the allegations set forth in paragraph 5 of the First Amended Complaint insofar as they pertain to him, except admits that, as Mr. Cash understood and intended, a purpose of the Inter-Ocean Transaction was to defer recognition of revenue in a manner that would be appropriate under Generally Accepted Accounting Principles and that would be reviewed and approved by personnel responsible for the company's financial statements and by the company's outside auditors, and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to RenRe or the Other Defendants.

6.      Mr. Cash denies the allegations set forth in paragraph 6 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

7.      Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegation that RenRe filed its Form 10-K for the year ended December 31, 2004 on March 31, 2005, admits that Plaintiff purports to refer to the Form 10-K and the restatement and respectfully refers the Court to the Form 10-K and the restatement for their contents, and denies each and every remaining allegation set forth in paragraph 7 of the First Amended Complaint.

8.      Mr. Cash denies the allegations set forth in paragraph 8 of the First Amended Complaint insofar as they pertain to him.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 insofar as they pertain to the Other Defendants.

9.      Mr. Cash states that the allegations set forth in paragraph 9 of the First Amended Complaint state legal conclusions to which no answer is required.

10.     Mr. Cash states that the allegations set forth in paragraph 10 of the First Amended Complaint state legal conclusions to which no answer is required.

11.     Mr. Cash denies the allegations set forth in paragraph 11 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

12.     Mr. Cash admits that Mr. Stanard served as the chairman and chief executive officer of RenRe at certain points in time, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the First Amended Complaint.

13.     Mr. Cash admits that Mr. Merritt served as controller of both RenRe and Renaissance at certain points in time, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the First Amended Complaint.

14.     Mr. Cash admits that he is 39, resides in Bermuda, joined Renaissance in 2000, and that he was senior vice president of specialty reinsurance of Renaissance from 2002 until July 2005.  Mr. Cash avers that the allegations set forth in the fifth sentence of paragraph 14 are irrelevant, inflammatory and unfairly prejudicial and therefore should be stricken.  To the extent that a response is deemed necessary, Mr. Cash denies the allegations in the fifth sentence, except admits that Plaintiff purports to refer to a press release and respectfully refers the Court to that press release for its contents.  Mr. Cash denies each and every remaining allegation set forth in paragraph 14 of the First Amended Complaint.

15.     Mr. Cash admits that RenRe is a Bermuda corporation with its principal corporate office in Bermuda, that RenRe is a holding company that provides property catastrophe reinsurance through its subsidiaries, that RenRe's securities are listed on the New York Stock Exchange and that Renaissance is one of RenRe's insurance subsidiaries.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the First Amended Complaint.

16.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint.

17.     Mr. Cash denies the allegations set forth in paragraph 17 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

18.     Mr. Cash admits that RenRe issued a press release that it would restate its financial results for its fiscal years ended December 31, 2001, December 31, 2002, and December 31, 2003, and that Plaintiff purports to refer to the February 22, 2005 press release, and respectfully refers the Court to that press release for its contents.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the First Amended Complaint.

19.     Mr. Cash admits that RenRe filed a Form 10-K for the year ended December 31, 2004, which contained restated financial statements for 2001, 2002, and 2003, and that Plaintiff purports to refer to both the Form 10-K and the restatement, and respectfully refers the Court to the Form 10-K and the restatement for their contents.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the First Amended Complaint.

20.     Mr. Cash denies the allegations set forth in paragraph 20 of the First Amended Complaint insofar as they pertain to RenRe.  Mr. Cash admits that Renaissance's main business was property catastrophe reinsurance, that one way Renaissance managed its risk was to obtain reinsurance from other reinsurers, and that Renaissance entered into industry loss warranty ("ILW") contracts with other insurers and reinsurers as counterparties.  Mr. Cash denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they pertain to Renaissance.

21.     Mr. Cash denies the allegations set forth in the second sentence of paragraph 21 of the First Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, insofar as they pertain to RenRe.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Renaissance.

22.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 22 of the First Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, insofar as they pertain to RenRe.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to Renaissance.

23.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, except admits that he joined Renaissance in 2000 as a vice president.

24.     Mr. Cash denies the allegations set forth in paragraph 24 of the First Amended Complaint insofar as they pertain to RenRe or the Company, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences insofar as they pertain to RenRe or the Company.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second and third sentences insofar as they pertain to Renaissance, and denies each and every remaining allegation insofar as they pertain to Renaissance.

25.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint.

26.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint.

27.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint, except admits that Plaintiff purports to refer to a January 2001 e-mail authored by Mr. Stanard and respectfully refers the Court to that e-mail for its contents.

28.     Mr. Cash denies the allegations set forth in paragraph 28 of the First Amended Complaint, except admits that Plaintiff purports to refer to an e-mail authored by Mr. Cash and respectfully refers the Court to that e-mail for its contents.

29.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 29 of the First Amended Complaint and that he was a "RenRe official."  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

30.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 30 of the First Amended Complaint insofar as they pertain to RenRe, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

31.     Mr. Cash denies the allegations set forth in paragraph 31 of the First Amended Complaint, except admits that he played a role in drafting both the assignment agreement and the reinsurance agreement, signed the reinsurance agreement on behalf of Renaissance, and that Mr. Merritt signed the assignment agreement on behalf of Renaissance.

32.     Mr. Cash denies the allegations set forth in paragraph 32 of the First Amended Complaint, except admits that Renaissance entered into both parts of the transaction

with Inter-Ocean, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Inter-Ocean ceded its obligations under the reinsurance portion of the transaction to AmRe through a separate retrocession agreement.

33.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint, except admits that the Inter-Ocean Transaction was discussed during at least one meeting attended by Mr. Cash and others.

34.     Mr. Cash denies the allegations set forth in paragraph 34 of the First Amended Complaint insofar as they pertain to him, except admits that he understood and intended that the assignment agreement and the reinsurance agreement would operate in tandem and that Plaintiff purports to refer to the assignment agreement and the reinsurance agreement and respectfully refers the Court to those agreements for their contents.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

35.     Mr. Cash denies the allegations set forth in paragraph 35 of the First Amended Complaint, except admits that Renaissance entered into an assignment agreement with Inter-Ocean dated as of April 23, 2001, and that Plaintiff purports to refer to the assignment agreement and respectfully refers the Court to that agreement for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences.

36.     Mr. Cash denies the allegations set forth in paragraph 36 of the First Amended Complaint insofar as they pertain to him and RenRe.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to

the Other Defendants, and as to whether by April 23, 2001, Renaissance had already received
$42.1 million of the recoverables that were the subject of the assignment agreement.  Mr. Cash
admits that Renaissance entered into an assignment agreement dated as of April 23, 2001 with
Inter-Ocean and that Plaintiff purports to refer to an internal April 4, 2001 AmRe e-mail, and
respectfully refers the Court to that e-mail for its contents.  Mr. Cash denies each and every
remaining allegation insofar as they pertain to Renaissance.

      37.     Mr. Cash denies the allegations set forth in paragraph 37 of the First
Amended Complaint, except admits that Plaintiff purports to refer to the termination provision in
the assignment agreement and respectfully refers the Court to that provision for its contents.

      38.     Mr. Cash denies the allegations set forth in paragraph 38 of the First
Amended Complaint.

      39.     Mr. Cash denies the allegations set forth in paragraph 39 of the First
Amended Complaint, except denies knowledge or information sufficient to form a belief as to
the truth of the allegations set forth in the second sentence insofar as they pertain to Renaissance.

      40.     Mr. Cash denies the allegations set forth in paragraph 40 of the First
Amended Complaint, except admits that Renaissance entered into a reinsurance agreement with
Inter-Ocean on July 31, 2001, and that Plaintiff purports to refer to the reinsurance agreement
and respectfully refers the Court to that agreement for its contents, and denies knowledge or
information sufficient to form a belief as to the truth of the allegations insofar as they pertain to
the Other Defendants.

      41.     Mr. Cash denies the allegations set forth in paragraph 41 of the First
Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement
and respectfully refers the Court to that agreement for its contents.

42.     Mr. Cash denies the allegations set forth in paragraph 42 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

43.     Mr. Cash denies the allegations set forth in paragraph 43 of the First Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement and respectfully refers the Court to that agreement for its contents.

44.     Mr. Cash denies the allegations set forth in paragraph 44 of the First Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement and respectfully refers the Court to that agreement for its contents.

45.     Mr. Cash denies the allegations set forth in paragraph 45 of the First Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement and respectfully refers the Court to that agreement for its contents.

46.     Mr. Cash denies the allegations set forth in paragraph 46 of the First Amended Complaint, except admits that Renaissance paid Inter-Ocean $7.3 million as a premium payment under the reinsurance agreement on or about July 31, 2001, and that Plaintiff purports to refer to the reinsurance agreement and respectfully refers the Court to that agreement for its contents.

47.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 47 of the First Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that Plaintiff purports to refer to the reinsurance agreement in the first sentence and respectfully refers the Court to that agreement for its contents.

10

48.     Mr. Cash denies the allegations set forth in paragraph 48 of the First Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement and respectfully refers the Court to that agreement for its contents.

49.     Mr. Cash denies the allegations set forth in paragraph 49 of the First Amended Complaint, except admits that Plaintiff purports to refer to the reinsurance agreement and its amendment, and respectfully refers the Court to those documents for their contents.

50.     Mr. Cash denies the allegations set forth in paragraph 50 of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that the parties confirmed their intent orally.

51.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the First Amended Complaint.

52.     Mr. Cash denies the allegations set forth in paragraph 52 of the First Amended Complaint insofar as they pertain to him, and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

53.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 53 of the First Amended Complaint insofar as they pertain to RenRe.  Mr. Cash admits that Renaissance decided to make a claim under the reinsurance agreement in the third quarter of 2002.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

54.     Mr. Cash denies the allegations set forth in paragraph 54 of the First Amended Complaint, except admits that he sent a letter to Inter-Ocean dated September 25,

2002, and that Plaintiff purports to refer to the September 25, 2002 letter and respectfully refers the Court to that letter for its contents.

55.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the First Amended Complaint.

56.     Mr. Cash denies the allegations set forth in the first and fourth sentences of paragraph 56 of the First Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

57.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the First Amended Complaint.

58.     Mr. Cash denies the allegations set forth in paragraph 58 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

59.     Mr. Cash denies the allegations set forth in paragraph 59 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Mr. Stanard.

60.     Mr. Cash denies the allegations set forth in paragraph 60 of the First Amended Complaint insofar as they pertain to him, except admits that Plaintiff purports to refer to an e-mail from RenRe's outside lawyer on the transaction and respectfully refers the Court to that e-mail for its contents.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Mr. Merritt.

61.     Mr. Cash admits that Mr. Merritt, as RenRe's controller, was responsible for recording accounting entries.  Mr. Cash denies knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in paragraph 61 of the First Amended Complaint.

62.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the First Amended Complaint.

63.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 63 of the First Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

64.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the First Amended Complaint, except admits that Renaissance paid Inter-Ocean $7.3 million as a premium payment under the reinsurance agreement.

65.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 65 of the First Amended Complaint and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

66.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the First Amended Complaint.

67.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 67 of the First Amended Complaint as to RenRe and admits that Renaissance made a claim under the reinsurance agreement for the full amount of the trust on September 25, 2002.  Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

68.     Mr. Cash denies the allegations set forth in the first sentence of paragraph 68 of the First Amended Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

69.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the First Amended Complaint, except admits that RenRe restated its financial results for 2001, 2002 and 2003, and that Plaintiff purports to refer to the restatement and respectfully refers the Court to the restatement for its contents.

70.     Mr. Cash denies the allegations set forth in paragraph 70 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

71.     Mr. Cash denies the allegations set forth in paragraph 71 of the First Amended Complaint, except admits that Plaintiff purports to refer to a January 2001 memorandum he authored and respectfully refers the Court to that memorandum for its contents, and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence.

72.     Mr. Cash denies the allegations set forth in paragraph 72 of the First Amended Complaint, except admits that Plaintiff purports to refer to a March 2001 e-mail he authored and respectfully refers the Court to that e-mail for its contents.

73.     Mr. Cash denies the allegations set forth in paragraph 73 of the First Amended Complaint, except admits that Plaintiff purports to refer to an e-mail he authored and respectfully refers the Court to that e-mail for its contents.

74.     Mr. Cash denies the allegations set forth in paragraph 74 of the First Amended Complaint, except admits that Plaintiff purports to refer to a March 2001 memorandum he authored and respectfully refers the Court to that memorandum for its contents.

75.     Mr. Cash denies the allegations set forth in paragraph 75 of the First Amended Complaint.

76.     Mr. Cash denies the allegations set forth in paragraph 76 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Mr. Merritt.

77.     Mr. Cash denies the allegation that the structure of the transaction itself was deceptive and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 77 of the First Amended Complaint.

78.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the First Amended Complaint.

79.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the First Amended Complaint.

80.     Mr. Cash denies the allegations set forth in paragraph 80 of the First Amended Complaint insofar as they pertain to him, and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to Mr. Merritt.

81.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the First Amended Complaint.

82.     Mr. Cash denies the allegations set forth in paragraph 82 of the First Amended Complaint insofar as they pertain to him, except admits that he sought to structure a

transaction that would pass auditor scrutiny, and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

83.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the First Amended Complaint, except admits that Plaintiff purports to refer to certain Forms 10-K and 10-Q, registration statements and prospectus supplements, and respectfully refers the Court to those documents for their contents.

84.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the First Amended Complaint, except admits that Plaintiff purports to refer to the Form 10-K and respectfully refers the Court to the Form 10-K for its contents.

85.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the First Amended Complaint, except admits that Plaintiff purports to refer to the Form 10-K and respectfully refers the Court to the Form 10-K for its contents.

86.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the First Amended Complaint, except admits that Plaintiff purports to refer to certain Forms 10-Q and respectfully refers the Court to those Forms 10-Q for their contents.

87.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the First Amended Complaint, except admits that Plaintiff purports to refer to certain registration statements and prospectus supplements and respectfully refers the Court to those documents for their contents.

88.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the First Amended Complaint.

89.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the First Amended Complaint, except admits that Plaintiff purports to refer to the Form S-8 and respectfully refers the Court to the Form S-8 for its contents.

90.     Mr. Cash denies the allegations set forth in paragraph 90 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

91.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the First Amended Complaint, except admits that RenRe restated its financial results for 2001, 2002 and 2003 and that Plaintiff purports to refer to the restatement and respectfully refers the Court to the restatement for its contents.

92.     Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the First Amended Complaint, except admits that RenRe issued a press release that it would restate its financial results for its fiscal years ended December 31, 2001, December 31, 2002, and December 31, 2003, and that Plaintiff purports to refer to a February 22, 2005 press release and respectfully refers the Court to that press release for its contents.

93.     Mr. Cash denies the allegations set forth in the eighth sentence of paragraph 93 of the First Amended Complaint, and denies knowledge or information sufficient to

form a belief as to the truth of the remaining allegations, except admits that Plaintiff purports to refer to the Form 10-K and respectfully refers the Court to the Form 10-K for its contents.

94.     Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 93 of the First Amended Complaint as if set forth fully herein.

95.     Mr. Cash denies the allegations set forth in paragraph 95 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

96.     Mr. Cash denies the allegations set forth in paragraph 96 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

97.     Mr. Cash denies the allegations set forth in paragraph 97 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

98.     Mr. Cash denies the allegations set forth in paragraph 98 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

99.     Mr. Cash denies the allegations set forth in paragraph 99 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information

sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

100.    Mr. Cash denies the allegations set forth in paragraph 100 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

101.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 100 of the First Amended Complaint as if set forth fully herein.

102.    Mr. Cash denies the allegations set forth in paragraph 102 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

103.    Mr. Cash denies the allegations set forth in paragraph 103 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

104.    Mr. Cash denies the allegations set forth in paragraph 104 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

105.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the First Amended Complaint.

106.    Mr. Cash denies the allegations set forth in paragraph 106 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

107.    Mr. Cash denies the allegations set forth in paragraph 107 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

108.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 107 of the First Amended Complaint as if set forth fully herein.

109.    Mr. Cash denies the allegations set forth in paragraph 109 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

110.    Mr. Cash denies the allegations set forth in paragraph 110 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

111.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 110 of the First Amended Complaint as if set forth fully herein.

112.    Mr. Cash denies the allegations set forth in paragraph 112 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information

sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

113.    Mr. Cash denies the allegations set forth in paragraph 113 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

114.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 113 of the First Amended Complaint as if set forth fully herein.

115.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the First Amended Complaint.

116.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the First Amended Complaint.

117.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the First Amended Complaint.

118.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 117 of the First Amended Complaint as if set forth fully herein.

119.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the First Amended Complaint.

120.    Mr. Cash denies the allegations set forth in paragraph 120 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

121.    Mr. Cash denies the allegations set forth in paragraph 121 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

122.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 121 of the First Amended Complaint as if set forth fully herein.

123.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the First Amended Complaint.

124.    Mr. Cash denies the allegations set forth in paragraph 124 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

125.    Mr. Cash denies the allegations set forth in paragraph 125 of the First Amended Complaint insofar as they pertain to him and denies knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the Other Defendants.

126.    Mr. Cash realleges and reincorporates by reference his answers to paragraphs 1 through 125 of the First Amended Complaint as if set forth fully herein.

127.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the First Amended Complaint.

128.    Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the First Amended Complaint.

129.   Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the First Amended Complaint.

130.   Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the First Amended Complaint.

131.   Mr. Cash denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the First Amended Complaint.

132.   Mr. Cash denies that Plaintiff is entitled to any of the relief sought in subparts I through VII of the First Amended Complaint's "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, and each and every claim therein, fails to state a claim upon which relief can be granted against Mr. Cash.

### SECOND AFFIRMATIVE DEFENSE

Mr. Cash has not acted with the requisite knowledge, scienter and/or intent under the applicable federal securities laws or the regulations promulgated thereunder.

### THIRD AFFIRMATIVE DEFENSE

Mr. Cash cannot be primarily liable under Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") or Rule 10b-5 promulgated thereunder because he is not alleged to have made, and did not make, any alleged misstatements or omissions.

### FOURTH AFFIRMATIVE DEFENSE

The relief requested by the First Amended Complaint is unavailable because the First Amended Complaint fails to sufficiently allege that Mr. Cash's purported unlawful conduct

23

is reasonably likely to recur in the future or that he received any ill-gotten gains.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Cash denies that he knew about or substantially assisted any wrongful activity as alleged in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Mr. Cash is not liable because the alleged misrepresentations and omissions alleged in the First Amended Complaint were not material.

### SEVENTH AFFIRMATIVE DEFENSE

Mr. Cash cannot be liable as an aider and abettor under Section 20(e) of the Exchange Act because he did not knowingly provide substantial assistance to a primary violator of Sections 10(b), 13(a) or 13(b) of the Exchange Act, or the Rules promulgated thereunder.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and by laches.

WHEREFORE, Mr. Cash prays for judgment as follows:

1.     Dismissing with prejudice Plaintiff's First Amended Complaint against

Mr. Cash in its entirety; and

2.     Costs, disbursements and reasonable attorneys' fees incurred by him in

defending this action plus interest on any sums awarded thereunder; and

3.     For such other relief as this Court deems just and proper.

Dated:  New York, New York
       May 31, 2007

SCHULTE ROTH & ZABEL LLP

By:   /s/ Sung-Hee Suh
     Martin L. Perschetz (MP-7299)
     Sung-Hee Suh (SS-1700)
     Dana M. Roth (DR-1438)
     919 Third Avenue
     New York, New York  10022
     (212) 756-2000
     *Attorneys for Michael W. Cash*