UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION,   :
:
                Plaintiff,    :
:       06 Civ. 7736  (GEL)
-v.-       :
:       **OPINION AND ORDER**
JAMES N. STANARD, MARTIN J. MERRITT,   :
and MICHAEL W. CASH,    :
:
                Defendants.    :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

On June 20, 2007, the Court received a joint submission from the parties, pursuant to Section 2.F of the undersigned judge's Individual Practices, relating to two discovery disputes. One of these disputes, concerning the sequence of depositions, was resolved by order dated June 25, 2007. This Opinion and Order resolves the other.

Defendants seek to compel production of documents relating to interviews with fact witnesses conducted by plaintiff Securities and Exchange Commission ("SEC") in the course of its investigation into the transaction from which this case arises. The SEC has refused to produce several categories of documents: (1) memoranda prepared by SEC staff concerning witness interviews; (2) notes taken by FBI agents during interviews conducted in the course of the FBI's parallel investigation; and (3) notes taken by the SEC on the FBI's interview notes, which the SEC reviewed but did not copy.

## DISCUSSION

Rule 26(b)(3) of the Federal Rules of Civil Procedure provides that documents "prepared in anticipation of litigation or for trial" are not subject to discovery except upon "a showing that

the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Accordingly, courts must ask first whether the work-product doctrine applies to the documents in question, and second, whether defendants have shown that need and unavailability require discovery in spite of the privilege.

**I.      Whether the Work-Product Doctrine Applies**

Rule 26(b)(3) "applies only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation." Martin v. Valley Nat'l Bank, 140 F.R.D. 291, 304 (S.D.N.Y. 1991). Thus, "if a party prepares a document in the ordinary course of business, it will not be protected even if the party is aware that the document may also be useful in the event of litigation." Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 471 (S.D.N.Y. 1993) (internal citation and quotation marks omitted). "The SEC, as the party invoking the work product privilege, bears the burden of establishing its existence." SEC v. Cavanagh, No. 98 Civ. 1818, 1998 WL 132842, at *2 (S.D.N.Y. Mar. 23, 1998) (internal citations and quotation marks omitted).

"Analysis of one's case 'in anticipation of litigation' is a classic example of work product, and receives heightened protection under [Rule] 26(b)(3)." Id. The privilege was found applicable in Cavanagh on facts similar to the facts of this case:

> [T]he notes were taken by SEC attorneys during interviews that, although they preceded the formal initiation of this litigation, were conducted 'in order to provide the Commission with information so that it could make the determination whether to proceed with litigation in this matter.' This type of work, prepared in the anticipation of litigation, falls squarely within the protections of the work-product doctrine.

Id. The interviews here were similarly conducted in order to determine whether to initiate litigation. Moreover, the list of withheld documents (Joint Submission Ex. A) includes no document dated earlier than June 8, 2005, six or seven weeks before the SEC notified the defendants of its intent to initiate a civil action.[1] "The close proximity of the dates on which the notes were prepared to the date on which the instant action was filed [or, as in the present case, announced] . . . make[s] clear that the notes were prepared 'in anticipation of litigation.'" SEC v. Treadway, 229 F.R.D. 454, 455-456 (S.D.N.Y. 2005). In short, the facts of this case clearly show that the SEC was "anticipating" litigation at the time it conducted the interviews, even if it was still considering whether to file. See SEC v. Downe, No. 92 Civ. 4092, 1994 WL 23141, at *2 (S.D.N.Y. Jan. 27, 1994).[2]

## II.   Whether Defendants Can Overcome the Privilege

Defendants argue that even if the privilege applies, they can overcome the privilege by showing substantial need and unavailability. See Fed. R. Civ. P. 23(b)(3). This argument is

---

[1] Defendants refer to a "two year investigation," including the entire period that "passed from the time of exclusive fact-gathering by the Commission until depositions by Mr. Stanard became a realistic possibility." (Joint Submission at 3.) Defendants do not contest, however, that the SEC began interviewing witnesses in June 2005, or that defendants received letters of intent to commence a civil action in July 2005. Defendants argue that these "Wells notices" were only the beginning of a long investigation (Id. at 4 n.2), but this hardly changes the fact that they were letters of intent to begin civil litigation.

[2] Defendants suggest in passing that not all of the documents may qualify as work product even if prepared in anticipation of litigation, arguing that "even if some portions of the interview notes contain attorney opinions, the [SEC] may be forced to produce redacted versions" and that the disclosure of "mere recapitulations of witness interviews may be compelled." (Joint Submission at 6.) Defendants do not, however, ask for *in camera* review of the documents, see In re John Doe Corp., 675 F.2d 482, 493 (2d Cir. 1982), and so the Court has no basis for disputing the SEC's contention that these documents are "replete with attorney opinion and analysis" (Joint Submission at 11), particularly given that attorneys in cases of this kind typically do include mental impressions and analysis in interview reports.

meritless. As noted in another case, "[d]efendants are free to question each of the witnesses at their depositions, and at trial, concerning the witnesses' statements to the SEC" at earlier interviews. Treadway, 229 F. R.D. at 456. Defendants do not contend that they are unable to depose the relevant witnesses. "No case cited by [d]efendants concludes that parties cannot, by deposing witnesses, obtain 'the substantial equivalent' of earlier attorney interview notes of the same witnesses without 'undue hardship.'" Id. Moreover, the SEC has already produced to defendants the transcripts (and accompanying exhibits) of testimony taken by the SEC during its investigation. (Joint Submission at 10 n.7.)[3]

Defendants argue that they have a "substantial need" for the specific notes at issue because of the risk of witnesses tailoring their testimony in response to "the government's considerable power to threaten witnesses with prosecution or enforcement proceedings." (Joint Submission at 6.) If this were a sufficient basis for a showing of substantial need, however, the government would be unable to claim the work-product privilege for interview notes in any enforcement proceeding, because the government's power to threaten prosecution is present in every case. Indeed, defendants' argument would allow the work-product privilege to be overridden in any case in which there is a reason to suspect a witness of changing stories, that is to say, in almost every case. Defendants have not shown substantial need and unavailability, and

---

[3] Defendants note that in criminal cases, where discovery is limited, defendants have the benefit of 18 U.S.C. § 3500, which requires the government to produce copies of witness statements in the interest of effective cross-examination. But § 3500 has no application in civil cases. In any event, it provides no right to pre-trial discovery of anything, taking effect only after a witness has testified on direct examination, and it applies only to verbatim written or transcribed statements, not to work-product like attorney interview notes. See 18 U.S.C. § 3500(a), (e). The broad discovery available to civil parties, including the right to depose potential witnesses, vitiates any claim that rules analogous to (but far broader than) the provisions of § 3500 should be imported into civil procedure.

are therefore not entitled to discovery of the interview notes.

## III. Documents in the Possession of the US Attorney's Office

When defendant Stanard was interviewed by the SEC and the FBI, an FBI agent took notes.  Later, SEC attorneys were allowed to review the agent's notes without removing them from the United States Attorney's Office (USAO), and to make notes on the notes, but not to make copies of them.  (Joint Submission at 6 n.3.)  Defendants seek the notes and other memoranda documenting the interviews.[4]  The parties disagree over whether the SEC has control over the notes and memoranda in the USAO and FBI files.  (Joint Submission at 7, 12.)

Courts have interpreted Rule 34 of the Federal Rules of Civil Procedure, which requires a party to produce documents only if it has "possession, custody or control" of the them, "to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents."  Golden Trade, S.r.L. v. Lee Apparel Co., 143 F.R.D. 514, 525 (S.D.N.Y. 1992).

Defendants argue that the notes in the USAO's files are effectively in the SEC's custody because the SEC and the USAO worked together on the investigation during which they were created, and that the SEC's "possession, custody or control" is demonstrated by the fact that the SEC was able to review the documents.  Defendants do not, however, contest the SEC's representation that the USAO has indicated it will not turn over the notes to either side in this matter.  (Joint Submission at 9.)  Indeed, defendants have independently confirmed the USAO's recalcitrance; when defendants tried to subpoena the notes from the USAO and FBI, they were

---

[4] The notes taken by SEC attorneys at the U.S. Attorney's Office are clearly in the SEC's possession, and are therefore subject to the same analysis as the other documents in the SEC's possession discussed above.

5

advised by the USAO that it would "fight" the subpoenas. (Joint Submission at 8. n.5.) Nor do defendants suggest that the SEC has any authority to order the USAO to turn over the documents.

It is true that courts often find effective control when agencies are involved in a joint investigation, see United States v. Finnerty, 411 F. Supp. 2d 428 (S.D.N.Y. 2006) (interpreting identical language in Fed. R. Crim. P. 16).[5] In this case, however, the USAO has actively refused to provide the FBI notes to the SEC or even to allow the SEC to copy them. The SEC is an independent agency from the USAO. The facts of this case make clear that the investigations, while they may have overlapped, were not conducted jointly, and that the SEC has neither possession, custody, nor control of the FBI's notes.

It is worth noting that while the SEC lacks control over the documents, the USAO, which has the documents, is within the subpoena power of this Court. Indeed, defendants have already begun the process of subpoenaing the records from the USAO, which in turn has already indicated that it intends to litigate whether the relevant documents must be produced. The issue therefore can, and presumably will, be joined directly between the parties in interest. Thus, defendants' concern that the government has engaged in a "carefully orchestrated effort . . . to ensure that the fruits of a cooperative investigation are 'unavailable'" (Joint Submission at 8) are misplaced.

---

[5] Defendants cite SEC v. Thrasher, 1995 WL 46681, at *15, which held that "there is some evidence to permit the inference that the Commission is in a position to obtain copies of witness cooperation agreements from the United States Attorney," but in that case the United States Attorney had not refused to let the SEC copy the specific documents, or indicated any objection to doing so.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that defendants' application for an order directing the SEC to produce certain notes and memoranda is denied.

SO ORDERED.

Dated: New York, New York
       June 26, 2007

_____
GERARD E. LYNCH
United States District Judge